IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHAD MICHAEL SCHLEINING,<br><br>Plaintiff,<br><br>vs.<br><br>SIGNAL PEAK ENERGY<br><br>Defendant. | CV 25-60-BLG-SPW<br><br>ORDER |

Plaintiff, Chad Michael Schleining, a self-represented litigant, filed a Complaint on April 28, 2025, pursuant to 18 U.S.C. § 1512(b), naming Signal Peak Energy as Defendant. (Doc. 2). On May 13, 2025, the Court issued an order dismissing Schleining's Complaint for failing to state a claim upon which relief may be granted. (Doc. 9 at 7). Schleining brought his claims under a criminal statute that does not provide a private right of action in a civil lawsuit. (*Id.* at 5–6). The Court allowed Schleining to cure this deficiency by filing an amended complaint within 30 days of the entry of the order. (*Id.* at 9).

As of this date, Schleining has failed to file an amended complaint. Schleining has had over 60 days to file an amended complaint, more than double the time the Court granted him in the May 13, 2025 Order.

1

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to comply with a court order. Rule 41(b) permits courts to dismiss an action *sua sponte* for failure to comply with a court order. *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). "District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate ... dismissal of case.'" *Ferdick v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986), *cert. denied*, 479 U.S. 829 (1986)). In determining whether to dismiss a claim for failure to comply with a court order, the Court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Id.* at 1260–61.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Here, Schleining has failed to actively pursue the case for more than two months since the Court ordered him to amend his Complaint. His failure to amend the Complaint has caused "the action to come to a complete halt." *Id.* Given Schleining's lack of responsiveness to the Court's order and failure to amend the Complaint, this factor weighs in favor of dismissal.

Second, "it is incumbent upon the [c]ourt to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The trial judge is in the best position to determine whether case delays caused by a failure to comply interferes with docket management and the public interest. *Id.* Here, Schleining has demonstrated his "routine noncompliance" by failing to timely file an amended complaint. Further, his noncompliance has taken some of the Court's time that could have been used to resolve other cases on the docket. Therefore, this factor weighs in favor of dismissal.

Third, "to prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threaten to interfere with the rightful decision of the case." *Id.* (citing *Malone v. United States Postal Serv.*, 833 F.3d 128, 131 (9th Cir. 1987)). Schleining has failed to amend his Complaint to assert claims under a proper statute that confers a private right of action. Due to this failure, the Defendant cannot prepare for trial because they are unaware of the statutes Schleining will litigate under, and therefore, cannot develop a proper defense addressing the elements of his claims. Thus, this factor weighs in favor of dismissal.

As to the fourth factor, the Court must consider the availability and adequacy of less drastic alternatives to dismissal, such as warnings. *See Malone*, 833 F.2d at 131–32 & n.1. The Court's grant of leave to amend cannot constitute a "less drastic alternative" to dismissal because Schleining had not yet disobeyed any court order

3

when leave was granted. *See Yourish*, 191 F.3d at 992. However, Schleining's failure to timely file an amended complaint in compliance with the Court's order, in combination with his failure to explain the delay or request additional time to file, "indicates that there are no less drastic alternatives that are realistically available." *Curtis v. Bank of Am., N.A.*, CV 12-09158-MMM, 2013 WL 1561475, at *2 (C.D. Cal. Apr. 12, 2013). The Court thus finds this factor to be neutral.

Last, the fifth factor generally weighs against dismissal because public policy favors disposition of the case on the merits. *Pagtalunan*, 291 F.3d at 643. However, a case stalled by a party's failure to comply with deadlines "cannot move forward toward resolution on the merits." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Thus, the Ninth Circuit has recognized "that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* Therefore, this factor weighs against dismissal but is given little weight under the present circumstances.

On balance, the weight of the *Ferdik* factors favors dismissal. The Court is mindful that before dismissing a pro se complaint, the district court must provide the litigant with a statement of the deficiencies in his complaint to ensure that the litigant has the opportunity to amend their complaint effectively. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). Here, the Court's May 13 Order outlined the

deficiencies in Schleining's Complaint and gave him clear instructions on how to cure the deficiencies, by asserting claims under statutes providing a private right of action. (Doc. 9 at 7).

In conclusion, the *Ferdik* factors favor dismissal, and this Court has fulfilled its obligation to explain the deficiencies in Schleining's Complaint. Therefore, dismissal under Rule 41(b) is warranted.

IT IS HEREBY ORDERED that Chad Michael Schleining's Complaint (Doc. 2) is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 4th day of August, 2025.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge